IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARTIN F. CODY, JR., § | |
| § | |
| Plaintiff, § | |
| V. § | |
| § | A-15-CV-00332-LY-ML |
| THE BANK OF NEW YORK AS § | |
| TRUSTEE FOR CHL MORTGAGE § | |
| PASS-THROUGH TRUST 2005-31; § | |
| CWMBS, INC.; MORTGAGE § | |
| ELECTRONIC REGISTRATION § | |
| SYSTEMS, INC.; 2 OR 3 JOHN DOES; § | |
| BANK OF AMERICA, N.A.; § | |
| § | |
| Defendants. | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendants the Bank of New York, CWMBS, Inc., Mortgage Electronic Registration Systems, Inc., and Bank of America, N.A.'s Motion to Dismiss Plaintiff Martin F. Cody, Jr.'s Amended Petition With Incorporated Memorandum of Law [Dkt. #14] ("Motion to Dismiss"), Plaintiff's Response to Defendants' Motion to Dismiss [Dkt. #16] ("Response"), and the Reply Memorandum of Law of Defendants in Further Support of Their Motion to Dismiss [Dkt. #17] ("Reply"). The Motion to Dismiss and related briefing were referred to the undersigned by United States District Judge, Lee Yeakel, for resolution pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pending motion, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation.

1

## I. BACKGROUND

This mortgage dispute arises out of a Note and Deed of Trust executed by Plaintiff, Martin F. Cody, on October 31, 2005, to secure a loan for the purchase of property located at 200 The Trails Parkway, Horseshoe Bay, Texas 78657 ("the Property").  *See generally* Mot. Dism. Ex. A (Note) and Ex. B (Deed of Trust).[1]  According to Defendants, Cody has not made a mortgage payment on the Property in over five years.  *Id.* at 1.  The Property was the subject of a non-judicial foreclosure sale on October 2, 2012.  *Id.* at Ex. E.

Plaintiff filed suit in state court on October 1, 2014, challenging the validity of the foreclosure sale based on alleged fraud in the underlying transfers and securitization of his Note and Deed of Trust.  *See generally* Notice of Removal [Dkt. #1] Exhibit A, Orig. Pet.  The Defendants removed the case on grounds of diversity jurisdiction.  *Id.*  After removal, Defendants moved to dismiss for failure to state a claim on which relief could be granted.  Orig. Mot. Dism. [Dkt. #5].  In response, Plaintiff voluntarily dismissed his claims against CWMBS and MERS and sought leave to amend his complaint, which the District Court granted.  Order of 6/4/2014 [Dkt. 11]; Order of 6/11/2014 [Dkt. # 12].  Plaintiff's Amended Complaint joins Bank of America as a Defendant and asserts new causes of action arising out of alleged defects in the execution of the foreclosure and his subsequent eviction from the Property.  *See generally* Am. Compl. [Dkt. #16].  The claims in his Amended Complaint rest on factual allegations and legal

---

[1] The Magistrate Court considers Defendants' Exhibit A, the Note and Exhibit B, the Deed of Trust, without converting the Motion to Dismiss into a summary judgment motion, because these exhibits constitute documents referenced in the Amended Complaint, on which the Amended Complaint's factual allegations rest. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Additionally, the Deed of Trust (Exhibit B) is recorded with the Llano County Clerk's office and is therefore a public record of which the Magistrate Court may take judicial notice without converting the motion to dismiss to a summary judgment motion. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). In a similar vein, the Magistrate Court will consider Defendants' additional Exhibits C-G attached to the Motion to Dismiss [Dkt. #14], along with Exhibit B attached to Defendants' Notice of Removal [Dkt. #1], without converting Defendants' Motion to Dismiss into a summary judgment motion, because the documents contained in these additional exhibits are public records recorded with the Llano County Clerk, and are incorporated by reference into Plaintiff's Amended Complaint. *Funk*, 631 F.3 at 783; *Collins*, 224 F.3d at 498-99.

theories that are analytically distinct from the abandoned fraud claims asserted in his Original Petition. *Compare id.* with Notice of Removal [Dkt. #1] Ex. A, Orig. Pet.

According to Plaintiff's Amended Complaint, he executed the Note and Deed of Trust concerning the Property in 2005. Am. Compl. at 2-3. The Note and Deed of Trust, through a series of assignments, came to be held by Defendant, BONYM, as of at least April 10, 2012. Mot. Dism. [Dkt. #14], Ex. A; *id.* at Ex. D. BONYM appointed Recontrust Company, N.A. ("Recontrust") and several of its individual agents, including Tom Rossington, as Substitute Trustee on August 17, 2012. *Id.* at Ex. F. On September 10, 2012, Recontrust, through Rossington, posted a Notice of Substitute Trustee's Sale ("the Notice") with the County Clerk of Llano County, Texas. Mot. Dism. Ex. G. The Substitute Trustee's Sale was scheduled to take place on October 2, 2012. *Id.* At the Substitute Trustee's Sale, BONYM purchased the Property. *Id.* at Ex. E. At some time thereafter, BONYM allegedly conducted a "lockout," excluding Plaintiff from physical possession of the Property. Resp. [Dkt. #16] at 10; Am. Compl. at 5.

Plaintiff asserts the appointment of Recontrust as Substitute Trustee and the actions of Recontrust and BANA to accelerate the Note and foreclose on the Property were without legal authority. Plaintiff further asserts BONYM's actions, after the foreclosure, to exclude him from possession of the Property were unlawful. Defendants contend Plaintiff has failed to state any claim for which relief can be granted with regard to the foreclosure and Plaintiff's subsequent eviction.[2, 3]

---

[2] Defendants initially moved to dismiss the claims against BANA for lack of proper service and consequently, lack of personal jurisdiction. *See generally* Mot. Dism. [Dkt. #14]. Service on BANA has since been accomplished (with no allegations of undue delay or prejudice). Therefore, the Magistrate Court finds Defendants' request to dismiss claims against BANA pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5) are moot. The Motion to Dismiss will be evaluated pursuant to Federal Rule of Civil Procedure 12(b)(6) only.

## II. STANDARD OF REVIEW

### A. Federal Subject Matter Jurisdiction

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009).

In this case, the removing Defendants asserted federal subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332. "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc.*, 319 F.3d 672, 674-675 (5th Cir. 2003). The named Defendants at the time of removal were the Bank of New York Mellon ("BONYM"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and CWMBS, Inc. ("CWMBS"). "Because Plaintiff is a citizen of Texas, MERS is a citizen of Virginia and Delaware, BONYM is a citizen of New York, and CWMBS is a citizen of Delaware or California, complete diversity exists for

---

[3] The Magistrate Court notes the foreclosure sale took place on October 2, 2012. The statute of limitations in Texas for conversion of personal property, forcible entry and detainer, and other tort claims is two years. Tex. Civ. Prac. & Rem. Code § 16.003. Plaintiff did not raise any claims relating to alleged wrongful eviction and conversion until his amended complaint was filed on June 11, 2015, two years and eight months after the foreclosure sale took place. Defendants have not raised the statute of limitations as an affirmative defense, and neither party has specified the date of the alleged lockout and conversion of personal property, except to say that it occurred after the foreclosure sale. Therefore, the statute of limitations is not grounds for dismissal as the case is currently presented.

purposes of removal under 28 U.S.C. §§ 1332 and 1441." *Id.* at 3.  After removal, Plaintiff amended his complaint to join Bank of America, N.A. ("BANA") as a Defendant.  Am. Compl. [Dkt. #13] at 2. As BANA is a citizen of North Carolina, complete diversity continues in this case. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)).

The removed state court petition sought to invalidate the foreclosure and obtain return of the Property.  Notice of Removal [Dkt. #1] at 3 and Ex. A, Orig. Pet.  In such cases, the fair market value of the property establishes the amount in controversy for purposes of evaluating whether federal subject matter jurisdiction exists.  *Nationstar Mortg., L.L.C. v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (citing *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)).  The recorded appraisal value of the Property has exceeded $840,000 since at least 2007.  Notice of Removal [Dkt. #1] Exhibit B [Dkt. #3], Llano County Appraisal Record.  Because the amount in controversy exceeds $75,000 and the parties are completely diverse, the Magistrate Court finds that federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.

**B.     Dismissal for Failure to State a Claim on Which Relief Can Be Granted**

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*,

5

550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., 550 U.S. at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*., 556 U.S. at 678. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*., 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## III.  ANALYSIS

Plaintiff asserts two groups of claims: claims arising out of alleged defects in the Defendants' authority to foreclose on the Property, and claims arising out of alleged defects in Defendant BONYM's attempts to secure possession of the Property after foreclosure. Texas law makes clear that the two issues (superior title and superior right of possession) are legally and factually distinct. *Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W. 3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("The pendency of [plaintiff's] lawsuit in the district court

[concerning alleged improper foreclosure procedures] does not prevent the court in the forcible-detainer action from determining that [the foreclosure purchaser] has the superior right to immediate possession of the Property."); *Reynolds v. Wells Fargo Bank, N.A.*, 245 S.W. 3d 57, 60-61 (Tex. App.—El Paso 2008, no pet.) (In a post-foreclosure suit for forcible detainer, "the trial court could determine the issue of immediate possession, and the court properly refused to consider any evidence concerning the notice of foreclosure.").

      A.      **Alleged Defects In BANA and BONYM's Authority to Foreclose**

            1.      *Action to Remove Cloud and Quiet Title*

Plaintiff asserts an action to remove cloud and quiet title on the basis that he is the owner of the Property and "the Substitute Trustee's Deed purporting to evidence sale of the property to Defendant BONYM by virtue of a foreclosure sale conducted by Tom Rossington on October 2, 2012" is "invalid and of no force or effect." Am. Compl. at 6. Plaintiff concedes the Substitute Trustee's deed appears facially valid, *id.*, but contends it was executed without authority because he never appointed Rossington trustee under the Deed of Trust. *Id.* at 6.[4]

The Deed of Trust reserves the right to appoint additional or substitute trustees to the Lender at its discretion—not to the Borrower. Mot. Dism. [Dkt. #14] Ex. B, ¶24. MERS, the Lender's nominee, assigned the Deed of Trust to BONYM, *id.* at Ex. C, and BONYM appointed Rossington Substitute Trustee in an instrument recorded with the county clerk on August 17, 2012. *Id.* at Ex. F. The Deed of Trust, by its terms, confers the power to conduct a foreclosure sale on the trustee or substitute trustee. *Id.* at ¶¶ 22, 24. Thus, Plaintiff's conclusory allegation

---

[4] Plaintiff further asserts "Rossington was not authorized under the Texas Property Code to conduct a sale." *Id.* To the extent Plaintiff intends this statement as a separate argument, invoking some additional state law challenge to the validity of the foreclosure sale, this conclusory assertion (which does not even identify which provisions of the Texas Property Code are allegedly at issue) does nothing to advance his argument. *See Twombly*, 550 U.S. at 557 (rejecting "naked assertion[s]" devoid of "further factual enhancement").

that Rossington was unauthorized to conduct the foreclosure sale as Substitute Trustee is without factual support.

Plaintiff also complains that Defendant BANA, listed as the Mortgage Servicer on the Substitute Trustee's Deed, is not a statutory "Mortgage Servicer" as defined in Texas Property Code, Section 51.001(3). A Mortgage Servicer, as defined by this statute, is merely the entity to whom mortgage payments are made at the Lender's direction. TEX. PROP. CODE § 51.001(3). As the Deed of Trust at issue in this case reserves the right to appoint a substitute trustee to the Lender, and the right to conduct a foreclosure sale is reserved to the Lender or Trustee, *see* Mot. Dism. [Dkt. #14] Ex. B, ¶¶ 22, 24, it is unclear what significance the validity of BANA's status as a mortgage servicer could possibly have on the foreclosure sale.

Plaintiff alleges BONYM never instructed him to make payments to BANA, but he does not make any factual allegation connecting that alleged omission to any impropriety in the acceleration or foreclosure of his loan. For example, he does not allege he attempted to cure his default by making payments to the wrong mortgage servicer. He does not allege he stood ready to make payments that the Lender refused to accept. In fact, as Defendants point out, it is uncontested that Plaintiff has never paid the outstanding balance due on his mortgage.

"Tender of the sum owed on a mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale." *Saravia v. Benson*, 433 S.W.3d 658, 663 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Plaintiff's failure to allege he made a valid tender of the sum owed, either before BONYM foreclosed on the lien or after BONYM purchased the Property at the foreclosure sale, is fatal to his quiet title action.

*2.     Statutory Fraud Allegations*

Plaintiff asserts a related claim against BANA and BONYM for statutory fraud in violation of Texas Civil Practice and Remedies Code, Section 12.002.  Plaintiff alleges BANA falsely represented it was a mortgage servicer on documents relating to the acceleration of the loan and foreclosure on the Property "in order to create the appearance Bank of America, N.A. had the authority to administer a non-judicial foreclosure sale on behalf of BONYM."  Am. Compl. [Dkt. #16] at 7.  The specific documents Plaintiff alleges violate Section 12.002 are (1) an alleged Notice of Substitute Trustee's Sale scheduled for October 4, 2011 (which Plaintiff does not contend led to any actual foreclosure sale); (2) the Notice of Substitute Trustee's Sale scheduled for October 2, 2012 (Mot. Dism. [Dkt. #14] Ex. G); (3) The Substitute Trustee's Deed (*Id.* at Ex. E); and (4) the Affidavit in support of the Substitute Trustee's Deed (*Id.*).

For the reasons noted above, BANA's role as a mortgage servicer has no direct impact on the legal obligations created by any of these documents.  The entity that noticed the foreclosure sale, conducted the sale, and recorded the transfer of the Property as a result of the sale was Recontrust (through its agent, Rossington), who was duly appointed substitute trustee by BONYM, the holder of the Note and Deed of Trust.  "The right to foreclose was validly created and assigned, so it is not a fraudulent lien."  *Ferguson v. Bank of N.Y. Mellon Corp.*, No. 14-20585. 2015 U.S. App. LEXIS 17265, *11 (5th Cir. Oct. 1, 2015) (publication pending).  Because Plaintiff has not plead any facts that, taken as true, would establish the lien, foreclosure, or transfer were in fact fraudulent, he has failed to state a claim under Section 12.002.  *Id.* at *12.

*3.     Wrongful Foreclosure*

Defendants, in an abundance of caution, point out that Plaintiff's challenges to the adequacy of the documents providing him notice of the foreclosure could be construed as a claim

for wrongful foreclosure under Chapter 51 of the Texas Property Code, but Plaintiff has failed to plead a necessary element of this claim. Mot. Dism. [Dkt #14] at 7. To establish wrongful foreclosure, Plaintiff must allege facts that establish not only a defect in the proceedings (such as the claimed defects in the documentation establishing notice of default and notice of the foreclosure sale alleged here) but also "a grossly inadequate selling price" and "a causal connection between the defect and the grossly inadequate selling price." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d. 747, 766 (N.D. Tex. 2012). Plaintiff has not alleged either an inadequate selling price or any causal connection between the alleged defects in the foreclosure documentation and the sale price of the Property.

### 4. *Declaratory Judgment Voiding Substitute Trustee's Deed*

In conjunction with his various challenges to the validity of the foreclosure, Plaintiff requests a declaration that the Substitute Trustee's Deed and related public records are void. Am. Compl. [Dkt. #13] at 9. A declaratory judgment action is not a freestanding claim, but a procedural vehicle that allows a party to obtain an "early adjudication of an actual controversy" arising under other substantive law. *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990). Because Plaintiff has not stated any substantive underlying claim that casts doubt on the validity of the mortgage foreclosure and transfer of title to the Property, his request that the District Court declare the Substitute Trustee's Deed and related public records void is without merit. *Turner v. AmericaHomeKey Inc.*, 3:11-cv-0860-D, 2011 U.S. Dist. LEXIS 91173, *21 (N.D. Tex. August 16, 2011) (declaratory judgment is properly dismissed where plaintiff "has not pleaded a plausible substantive claim" underlying this request for relief.)

### B. Alleged Defects In BONYM's Attempts to Take Possession

Independent of his challenge to the foreclosure itself, Plaintiff asserts a claim against BONYM for wrongful eviction. Am. Compl. at 9. According to Plaintiff, BONYM performed an illegal "lockout" on the property after the foreclosure while Plaintiff still occupied the Property as a tenant at sufferance under the terms of the Deed of Trust. Resp. [Dkt. #16] at 10, *see also* Mot. Dism. [Dkt. #14] Ex. B, Deed of Trust, at ¶22. Plaintiff additionally asserts the removal of his personal effects from the Property during this post-foreclosure lockout amounts to conversion under Texas law. Am. Compl. [Dkt. # 13] at 9.

The Deed of Trust provides that, on foreclosure, "Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding." Mot. Dism. [Dkt. #14] at Ex. B, Deed of Trust, ¶ 22. This language in the deed of trust creates a landlord-tenant relationship between the purchaser of the Property and the Plaintiff (as a tenant at sufferance) if the Plaintiff refuses to surrender possession of the Property. *Rodriguez v. Citimortgage*, No. 03-10-00093-CV, 2011 Tex. App. LEXIS 171, *8 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.).

While this landlord-tenant relationship would certainly support an action for forcible detainer to evict a holdover debtor in possession, *id.*, Texas law does not ordinarily allow a landlord to take possession of the property through "self help" remedies, such as changing the locks and refusing to allow a tenant to remove personal possessions. *See Charette v. Fitzgerald*, 213 S.W.3d 505, 511-12 (Tex. 2006); *Lighthouse Church v. Tex. Bank*, 889 S.W.2d 595, 603 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Even where, as here, the deed of trust

expressly provides that a debtor must surrender possession on foreclosure, "if the [debtor] failed to vacate the property after the foreclosure sale took place, the Bank's remedy was a lawsuit." *Lighthouse Church*, 889 S.W.2d at 603; *see also Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 918 (Tex. 2013) (citing *Lighthouse Church*, 889 S.W.2d at 603) ("To remove a tenant by sufferance, the new owner must file a forcible detainer suit.").

Here, Plaintiff has alleged that, after the foreclosure sale, BONYM locked him out of the Property and took possession of his personal property without obtaining a writ of possession or other court proceeding. Resp. Dkt. #16] at 10; Am. Compl. [Dkt. #13] at 9. Defendants have not rebutted these factual allegations, but instead contend that "the property was secured as provided in the Deed of Trust . . .." Reply [Dkt. #17]. Because self help "repossession" of foreclosed property via a lockout without judicial process is not authorized under Texas law, even under the terms articulated in this Deed of Trust, Defendants are not entitled to dismissal of Plaintiff's claims for wrongful eviction and conversion. *Lighthouse Church*, 889 S.W.2d at 603.

## IV.  RECOMMENDATION

For the reasons outlined above, the Magistrate Court RECOMMENDS that Defendants' Motion to Dismiss [Dkt. #14] be GRANTED IN PART and DENIED IN PART. Specifically, the Magistrate Court recommends dismissal without prejudice of Plaintiff's claims to quiet title and for statutory fraud, wrongful foreclosure, and a declaration that the Substitute Trustee's Deed and related documents are void. The Magistrate Court finds, however, that Plaintiff's claims for wrongful eviction and conversion of personal property cannot be dismissed at this stage of the litigation.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED October 8, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE